IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JON ENGLISH,<br>    Plaintiff,<br><br>v.<br><br>TENNESSEE BOARD OF PROBATION<br>AND PAROLE, ET AL.,<br>    Defendants. | Civ. No. 1:24-cv-1071-JDB-tmp |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $405 CIVIL FILING FEE

    On March 29, 2024, Plaintiff Jon English, Tennessee Department of Correction prisoner number 638601, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* civil complaint.  (Docket Entry ("D.E.") 1.)

    On April 1, 2024, the Court ordered Plaintiff to submit the entire $405 civil filing fee or a current copy of his trust account statement within thirty (30) days of the order.  (D.E. 4 at PageID 24.)  Plaintiff was warned that, if he failed to comply with the order in a timely manner, the Court would "deny leave to proceed *in forma pauperis*, assess the entire filing fee of $405 from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute."  (*Id.* (citation omitted))

    Plaintiff has failed to comply with the April 1, 2024, order, and the time for compliance has expired.  The case is hereby DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth,* 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381–82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). Plaintiff is ORDERED to cooperate fully with correctional officials in carrying out this Order.

The trust fund officer at English's prison is ORDERED to withdraw from his trust fund account the sum of $405 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District Tennessee
167 N. Main, Ste. 242
Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order.

If English is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined, Plaintiff shall provide the officials at the new prison with a copy of this order.  If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on his ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is DIRECTED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the Warden to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act, *see* 28 U.S.C. §§ 1915 (b), pertaining to the payment of filing fees.

IT IS SO ORDERED this 9th day of October, 2024.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE